UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>WOJCIECH KAMINSKI | Criminal Case No. 1:23CR32JJM-PAS<br><br>In violation of 26 U.S.C. § 7201 (Tax Evasion), 26 U.S.C. § 7203 (Failure to File a Tax Return) |

## INDICTMENT

The Grand Jury charges that:

## GENERAL ALLEGATIONS

### Introduction

At times relevant to this Indictment:

1. Defendant WOJCIECH KAMINSKI resided in West Warwick, Rhode Island.

2. Defendant KAMINSKI worked as a commercial fisherman and deckhand for various companies operating primarily out of Massachusetts, for which he received substantial compensation.

3. The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering and enforcing the tax laws of the United States, and collecting taxes owed to the United States.

4.  To accomplish its mission, the IRS used, among other means, various forms, returns, and return information that taxpayers and employees were required to file pursuant to the tax laws of the United States.

5.  In the commercial fishing industry, companies paid compensation to deckhands like defendant KAMINSKI as non-employee independent contractors, and were required by law to file directly with the IRS at year end Forms 1099-MISC documenting, on Line 5, "Fishing boat proceeds," any compensation they paid to fishermen in excess of $600.

6.  A copy of the filed Form 1099-MISC was typically also provided by the fishing companies directly to recipients such as KAMINSKI so that fishermen could prepare and file their own individual tax returns, such as Forms 1040, U.S. Individual Income Tax Return. If their gross income was in excess of the minimum filing requirement set by law for each year, fishermen were required to file and report their total income, any allowable deductions, and their tax liability.

7.  Despite receiving substantial income well in excess of the minimum tax return filing requirements, as well as Forms 1099-MISC documenting that income from the fishing companies who paid him, defendant KAMINSKI failed to file individual tax returns for at least 2010 through 2019, and failed to pay any tax on this income.

## Defendant's Tax Evasion

8. From in or about 2010 through in or about 2019, defendant KAMINSKI attempted to evade income taxes due and owing on approximately $1.1 million in income he received as a commercial fisherman.

9. Defendant KAMINSKI, rather than deposit the paychecks he received from the fishing companies into a bank account, cashed his paychecks in order to conceal the source and disposition of income he earned as a fisherman.

10. Defendant KAMINSKI lived a cash lifestyle, paying for personal expenditures using cash, including, but not limited to, an $11,000 cash deposit for a vehicle on or around April 23, 2019.

11. On or about June 2019, the IRS assessed a liability for defendant KAMINSKI's unfiled 2014 tax return and issued notice of the tax due. Defendant KAMINSKI never paid any of this assessed tax liability. Instead, he took affirmative steps to evade payment, including by continuing to cash checks and by maintaining a cash lifestyle.

## COUNTS ONE THROUGH FOUR
### (Tax Evasion)

12. Paragraphs 1 through 11 of this Indictment are incorporated by reference herein.

13. During the calendar years set forth in the table below, the defendant

WOJCIECH KAMINSKI,

received taxable income, upon which there was income substantial tax due and owing to the United States of America. Knowing the foregoing facts and failing to make an income tax return on or before the dates set forth below, as required by law, to any proper officer of the Internal Revenue Service, and to pay the income tax to the Internal Revenue Service, KAMINSKI, from on or about January of each calendar year to on or about the tax return due dates for each calendar year as set forth in the table below, in the District of Rhode Island and elsewhere, willfully attempted to evade and defeat substantial income tax due and owing by him to the United States of America, by committing the following affirmative acts, among others: (1) cashing income checks to conceal the nature, source, and disposition of the reportable income he received; and (2) using cash to pay for personal expenditures:

| Count | Tax Year | Date Return Due |
|---|---|---|
| 1 | 2016 | April 18, 2017 |
| 2 | 2017 | April 17, 2018 |
| 3 | 2018 | April 15, 2019 |
| 4 | 2019 | July 15, 2020 |

All in violation of Title 26, United States Code, Section 7201.

## COUNT FIVE
## (Tax Evasion)

14. Paragraphs 1 through 11 of this Indictment are incorporated by reference herein.

15. From in or about June 2019 through in or about June 2021, in the District of Rhode Island and elsewhere,

WOJCIECH KAMINSKI,

a resident of West Warwick, Rhode Island, willfully attempted to evade and defeat the payment of substantial income tax due and owing by him to the United States of America, for the calendar year 2014, by committing the following affirmative acts, among others: (1) cashing income checks to conceal the nature, source, and disposition of the payments received; and (2) using cash to pay for personal expenditures.

All in violation of Title 26, United States Code, Section 7201.

## COUNTS SIX THROUGH NINE
### (Failure to File)

16. Paragraphs 1 through 11 of this Indictment are incorporated by reference herein.

17. During the calendar years 2016 through 2019,

WOJCIECH KAMINSKI,

a resident of West Warwick, Rhode Island, had and received gross income in excess of the filing thresholds set by statute. By reason of such income, KAMINSKI was required by law, following the close of the calendar years, and on or before the dates set out below, to make an income tax return to the Internal Revenue Service, stating specifically the items of his gross income and any deductions and credits to which he was entitled. Knowing and believing all of the foregoing, KAMINSKI did willfully fail, on or about the dates listed below, to make an income tax return.

| Count | Calendar Year | Filing deadline |
|---|---|---|
| 6 | 2016 | April 18, 2017 |
| 7 | 2017 | April 17, 2018 |
| 8 | 2018 | April 15, 2019 |
| 9 | 2019 | July 15, 2020 |

All in violation of Title 26, United States Code, Section 7203.

Date: 4/5/23

_____
Grand Jury Foreperson

DAVID A. HUBBERT
Deputy Assistant Attorney General

Date: 4/5/23     By: _____
JOHN N. KANE, JR.
Assistant Chief
EZRA SPIRO
Trial Attorney
U.S. Department of Justice, Tax Division
Northern Criminal Enforcement Section

7